Sean J. Riddell OSB#013943
sean.riddell@live.com
Attorney At Law
1300 SE Stark St, Suite 208
Portland, OR 97214
971-219-8453
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Portland Division

| | |
|---|---|
| AMANDA LAMB, <br><br> Plaintiff, <br> vs. <br><br> ABBEY STAMP, NANCY BENNETT AND; and MULTNOMAH COUNTY OREGON, <br><br> Defendants. | Case No. 3:19-CV-1017 <br><br> COMPLAINT <br> (Civil Rights 1st Amendment/14th Amendment violations; Whistleblower Retaliation) <br><br> 42 U.S.C. § 1983 <br> ORS 659A.200(1)(b)(A) and (B) <br><br> Damages: <br> Noneconomic of at least $500,000 or an amount to be proven at trial <br> Economic of $6000 a month from December 2017 to present or an amount to be proven at trial <br><br> Jury Trial Demanded |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, by and through his attorney, Sean J. Riddell, bring this Complaint herein and state and allege as follows:

Sean J. Riddell
Attorney at Law
2905 NE Broadway St.,
Portland OR, 97232
971/219-8453

## INTRODUCTORY STATEMENT

1.

This action is filed by Plaintiff under 42 U.S.C. § 1983 and ORS 659A.200 for events from June 7, 2017 – December 8, 2017, alleging denial of; freedom of speech in violation of the First and Fourteenth Amendments of the United States Constitution, and violations of state whistleblower protections ORS 659A.200(1)(b)(A) and (B).

2.

This court has jurisdiction over Plaintiff's claims of violations of Federal Constitutional Rights under 28 U.S.C. §§ 1331 and 1343.

3.

Venue is proper under 28 U.S.C. § 1391(b), in that one or more of the defendants reside in Multnomah County, Oregon and the actions occurred in Multnomah County, Oregon.

## PARTIES

4.

At all material times Plaintiff ("Plaintiff") is a resident of Multnomah County, Oregon and employed in Multnomah County, Oregon.

5.

At all material times, Abbey Stamp ("Defendant Stamp") was the Executive Director of the Multnomah County Local Public Safety Coordinating Council in Multnomah County, Oregon. Defendant Stamp was working under the color of law on behalf of Multnomah County ("County"). Defendant Stamp is sued in her individual capacity.

///

Sean J. Riddell
Attorney at Law
2905 NE Broadway St.,
Portland OR, 97232
971/219-8453

2   COMPLAINT - DEMAND FOR JURY TRIAL

6.

At all material times, Nancy Bennett ("Defendant Bennet") was the Chief of Staff for Multnomah County Chair Deborah Kafoury in Multnomah County, Oregon.  Defendant Bennet was working under the color of law on behalf of Multnomah County ("County").  Defendant Bennet is sued in her individual capacity.

7.

Defendant Multnomah County is a suable person under 42 U.S.C. § 1983. At all times relevant to this Complaint, Defendant County employed Defendant Stamp and Bennet.   At all times relevant to this Complaint Defendants Stamp and Bennett were acting pursuant to Defendant County's laws, customs, and/or policies.  As the employer of Defendants Stamp and Bennett, Multnomah County is vicariously liable for all the tortuous and unconstitutional acts and omissions of the defendants committed within the course and scope of their employment, pursuant to ORS 30.265.  Multnomah County was and is a Public Employer under 659A.200(3).

8.

At all times relevant plaintiff was a public employee pursuant to ORS 659A.200(2).

9.

ORS 659A.203(1)(b)(A) and (B) states, in relevant part, it is an unlawful employment practice for any public employer to:

*Prohibit any employee from disclosing, or take or threaten to take disciplinary action against an employee for the disclosure of any information that the employee reasonably believes is evidence of:*
  *(A) A violation of any federal or state law, rule or regulation by the state, agency or political subdivision;*
  *(B) Mismanagement, gross waste of funds or abuse of authority or substantial and specific danger to public health and safety resulting from action of the state, agency or political subdivision;*

Sean J. Riddell
Attorney at Law
2905 NE Broadway St.,
Portland OR, 97232
971/219-8453

3   COMPLAINT - DEMAND FOR JURY TRIAL

10.

All Defendants acted under color of law at all times relevant to this Complaint.

11.

Plaintiffs are entitled to an award of attorneys' fees and costs, pursuant to 42 U.S.C. § 1988.

## FACTUAL ALLEGATIONS

12.

Defendant County and the Multnomah County Local Public Safety Coordinating Council ("LPSCC") hired plaintiff on or about October of 2015 as a Senior Public Safety Research Analyst.

13.

Plaintiff's job description included gathering arrest, conviction, incarceration and sentencing data for the Multnomah County justice system. Plaintiff was tasked with gathering the data and formulating a system to allow easy access to the data, find trends and identify areas of concern. The project was referred to as the "dashboard" and it was used to assist county officials in the formation of county policy. The dashboard was maintained on a system designed and marketed by a software company call Tableau.

14.

Defendant County required employees who worked on the LPSCC to sign a confidentiality agreement under threat of termination if the employee violated the confidentiality agreement.

///

Sean J. Riddell
Attorney at Law
2905 NE Broadway St.,
Portland OR, 97232
971/219-8453

4   COMPLAINT - DEMAND FOR JURY TRIAL

15.

On June 7, 2017, plaintiff was invited to present the dashboard at the Tableau annual conference.  Plaintiff immediately informed her immediate supervisor, Abbey Stamp, and requested permission to attend the conference and present the dashboard at the conference.

16.

On June 8, 2017, Defendant Stamp approved Ms. Lamb's request to attend the conference and present the dashboard at the conference.

17.

On June 22, 2017, plaintiff sent Ms. Stamp an invitation to attend a rehearsal of her presentation.  Ms. Stamp accepted the invitation and the rehearsal were held on September 25, 2017.  During the rehearsal plaintiff showed a power point presentation that contained screen shots of the dashboard representing arguably disparate treatment of racial minorities occurring in the arrest, conviction and sentencing occurring in the Multnomah County criminal justice system.  Ms. Stamp attended the rehearsal.

18.

On October 10, 2017, plaintiff presented the dashboard at the Tableau conference.  The conference sponsor video taped plaintiff's presentation and posted the video on the Internet.

19.

Soon after the video was posted, plaintiff received direction from Defendant Stamp to contact Tableau and remove the video.  Ms. Stamp informed that plaintiff that several "partner agencies" and members of LPSCC objected to Ms. Stamp's presentation and did not agree with

Sean J. Riddell
Attorney at Law
2905 NE Broadway St.,
Portland OR, 97232
971/219-8453

5   COMPLAINT - DEMAND FOR JURY TRIAL

her analysis of the arrest, conviction and sentencing data. Ms. Stamp informed plaintiff that her access to the data and work with the dashboard suspended.

20.

Plaintiff was instructed to apologize to several of the partner agencies and members of the LPSCC.

21.

On December 8, 2017, Defendant County terminated plaintiff. The termination letter was signed by Defendant Bennett and absent the reason for plaintiff's termination.

22.

On March 30, 2018 plaintiff sent defendant a Tort Claim Notice pursuant to ORS 30.275.

23.

On April 26, 2018 plaintiff filed a complaint with the Oregon Bureau of Labor and Industries for violations of Oregon's Whistleblower statute ORS 659A.200. On April 23, 2019 the Oregon Buearue of Labor and Industries declined to prosecute plaintiff's complaint and issued a 90-Day Right to Sue letter.

24.

As evidence of Defendant County's policy and practice of violating Oregon's Whistleblower statute, on May 31, 2019 a Multnomah County jury returned a verdict and found that Defendant County violated ORS 659A.200 Oregon's Whistleblower Protection statute on or about August 26, 2015. The jury found in relevant part, that Multnomah County retaliated against plaintiff Brent Ritchie for reporting mismanagement and/or Federal Constitutional

Sean J. Riddell
Attorney at Law
2905 NE Broadway St.,
Portland OR, 97232
971/219-8453

6   COMPLAINT - DEMAND FOR JURY TRIAL

violations when defendant took adverse employment actions against the plaintiff for reporting racial disparities in the county's use of force against county inmates.

**FIRST CLAIM FOR RELIEF:**
**Violation of Federal Constitutional Rights 42 U.S.C. § 1983**
*Count One: Violation of Right to Free Speech – Public Employee*

25.

Plaintiff re-alleges all paragraphs previously alleged.

26.

Plaintiff's research, authoring and presentation of the dashboard at the 2017 Tableau Conference is a protected act under the 1st and 14th Amendment.

27.

The dashboard and its analysis of disparate treatment of racial minorities in the Multnomah County criminal justice system is a matter of public concern.

28.

Plaintiff's research and presentation of the dashboard at the Tableau 2017 Conference was a motivating factor for one or more of the following retaliatory actions:

1. Plaintiff's suspension for participation with the LPSCC;
2. Plaintiff's termination.

29.

As a result of the above-described actions, plaintiff has suffered damages totaling at least $500,000, including lost wages and benefits, lost economic potential, harm to reputation, emotional distress, and incurrence of attorney fees and other costs.

30.

Plaintiff has incurred attorney fees and costs in pursuing this claim.

///

Sean J. Riddell
Attorney at Law
2905 NE Broadway St.,
Portland OR, 97232
971/219-8453

31.

*Count Two: Denial of Rights Freedom of Speech*
*Local Governing Body Based Upon Official Policy, Practice, or Custom*
*(Multnomah County)*

32.

Plaintiff re-alleges all previously alleged paragraphs.

33.

Defendant County's previously outlined retaliatory actions and policies constituted an unwarranted denial of plaintiff's free speech rights constitution rights

34.

Defendants Stamp and Bennet were supervisors and/or final policy makers for Defendant County. Defendant County is vicariously liable to the retailiatory actions of Defendants Stamp and Bennet.

35.

As a result of the above-described actions and policies, plaintiff has suffered damages totaling at least $500,000, including lost wages and benefits, lost economic potential, harm to reputation, emotional distress, and incurrence of attorney fees and other costs.

36.

Plaintiff has incurred attorney fees and costs in pursuing this claim.

**SECOND CLAIM FOR RELIEF**
**Unlawful Employment Practice/Public Employee Whistleblower**
**ORS 659A.200(1)(b)(A) and (B)**

37.

Plaintiff has incurred attorney fees and costs in pursuing this claim.

38.

Plaintiff has satisfied the notice requirements of the Oregon Tort Claims Act.

Sean J. Riddell
Attorney at Law
2905 NE Broadway St.,
Portland OR, 97232
971/219-8453

39.

In violation of Oregon's Unlawful Employment Practices and Whistleblowing statutes, ORS 659A.203, Multnomah County and the County's agents retaliated against plaintiff because plaintiff researched, authored and presented the dashboard representing disparate treatment of racial minorities in the Multnomah County criminal justice system.

40.

Plaintiff's research, authoring and presentation of the dashboard at the 2017 Tableau Conference was a motivating factor for one or more of the following retaliatory actions in violation of ORS 659A.200(1)(b)(A) and (B):

1. Plaintiff's suspension for participation with the LPSCC;
2. Plaintiff's termination.

41.

Plaintiff reserves the right to amend for punitive damages in light of the May 31, 2019 jury finding of Defendant County's previous violation of ORS 659A.200.

42.

Plaintiff is entitled to his attorney fees and litigation expenses/costs, including expert witness fees, against Defendant pursuant to ORS 659A.885 and ORS 20.107.

43.

As a result of the Constitutional violations and Tortious acts listed in the above claims for relief, Plaintiff suffered mental and emotional distress, economic damages and lost of future income.  The extent of Plaintiff's damages will be more fully proven at trial.

WHEREFORE Plaintiff pray as follows:

Sean J. Riddell<br>
Attorney at Law<br>
2905 NE Broadway St.,<br>
Portland OR, 97232<br>
971/219-8453

9  COMPLAINT - DEMAND FOR JURY TRIAL

**FIRST CLAIM FOR RELIEF: Violations of the 1st and 14th Amendment.**

*Count 1: Defendant Stamp and/or Defendant Bennett*

1. Finding that Defendants violated Plaintiff's constitutional right to Free Speech;

2. Judgment against Defendants for economic losses for at least $6,000 a month from December 2017 to the present or an amount to be proven at trial;

3. Judgment against Defendants for non-economic losses to Plaintiff for the constitutional violations herein in the amount of at least $500,000 or an amount to be proven at trial;

4. Judgment against Defendants for deterrence damages in a fair and reasonable amount to be proven at trial; and

5. Judgment for costs, interests, attorney fees and such other and further relief as the Court deems just and equitable.

*Count 2: Defendant Multnomah County*

6. Finding that Defendants violated Plaintiff's constitutional right to Free Speech;

7. Judgment against Defendants for economic losses for at least $6,000 a month from December 2017 to the present or an amount to be proven at trial;

8. Judgment against Defendants for non-economic losses to Plaintiff for the constitutional violations herein in the amount of at least $500,000 or an amount to be proven at trial;

9. Judgment against Defendants for deterrence damages in a fair and reasonable amount to be proven at trial; and

Sean J. Riddell
Attorney at Law
2905 NE Broadway St.,
Portland OR, 97232
971/219-8453

10. Judgment for costs, interests, attorney fees and such other and further relief as the Court deems just and equitable.

**SECOND CLAIM FOR RELIEF: Violations of Oregon's Whistleblower ORS 659A.200.**

11. Finding that Defendants violated ORS 659A.200;

12. Judgment against Defendants for economic losses for at least $6,000 a month from December 2017 to the present or an amount to be proven at trial;

13. Judgment against Defendants for non-economic losses to Plaintiff for the constitutional violations herein in the amount of at least $500,000 or an amount to be proven at trial and;

14. Judgment for costs and attorney fees pursuant to ORS 659A.885 and ORS 20.107.

DATED this June 27, 2019

                                          Respectfully submitted,
                                          s/ *Sean J. Riddell*
                                          Sean J. Riddell  OSB 013493

                                          Sean J. Riddell
                                          Attorney at Law
                                          2905 NE Broadway St.,
                                          Portland OR, 97232
                                          971/219-8453